In re NELSON.

No. 23087.

District Court, W. D. New York.

July 20, 1935.

James S. Pierce, of Franklinville, N. Y., for petitioner.

W. W. Rasey, of Franklinville, N. Y., for creditors.

KNIGHT, District Judge.

Bankrupt filed a petition on March 20, 1935, under section 75 of the Bankruptcy Act, as amended (11 USCA § 203), praying for a composition or an extension of time to pay his debts. He failed to obtain the consent of a majority in number and amount of his creditors, and on April 9, 1935, filed a petition under subdivision (s) of said section, as added by Act June 28, 1934 (11 USCA § 203 (s), praying to be adjudicated a bankrupt. Adjudication was made on May 20, 1935, and a trustee was appointed at the first meeting of creditors on June 6, 1935. The bankrupt failed to appear at that meeting, having been advised by his attorney that the Frazier-Lemke Act (11 USCA § 203 (s) had been held unconstitutional and that the proceeding was automatically terminated. On May 13, 1935, Samuel Cramer, the holder of a conditional sales contract on much of debtor's personal property and a land contract on his real estate, instituted an action to replevy the property covered by the conditional sales contract. The debtor answered the complaint in the replevin action. On June 22, 1935, the creditor moved to substitute the trustee as defendant in the replevin action in the place and stead of the bankrupt. That motion was adjourned and meantime the bankrupt moved for dismissal of the bankruptcy proceedings.

It is the contention of the debtor that he did not intend to seek bankruptcy under the Bankruptcy Act of 1898, but only under the amendment of 1934, which would allow him the privilege, after filing his petition for adjudication, to further petition for an appraisal of his property and for retention of said property by him; such property to be sold to him by the trustee at the appraised value, payment of said purchase price to be made over a period of six years. In case objection was filed by a secured creditor, bankrupt was to be allowed a stay of further proceedings for a period of five years, during which time he might retain possession of the property paying a reasonable rental annually, at the end of which period he could pay into court the appraised price of the property and secure full possession of and title to said property. The bankrupt further asserts that unless this proceeding is dismissed his rights in and to the property mortgaged, which is now the subject of the replevin action, will be jeopardized, because the trustee will be substituted in his place and he will have no opportunity to present his defense in the replevin action. As a further reason for the granting of this motion bankrupt urges that failure to grant it will result in a farmer being forced into bankruptcy against his will, which is contrary to the statute.

Opposing the motion, the creditor alleges that the decision of the Supreme Court in Louisville Joint Stock Land Bank v. Radford, 55 S. Ct. 854, 79 L. Ed. 1593, 97 A. L. R. 1106, decided May 27, 1935, does not affect the bankruptcy proper but only the sale of the property to the bankrupt under the terms and conditions specified in the statute.

It is axiomatic that all parts of a legislative enactment must be read and construed together and as a whole rather than piecemeal. Likewise, an amendment must be considered in conjunction with the legislation which it adds to or alters. Reading the Frazier-Lemke amendment of June 28, 1934 (11 USCA § 203 (s), in the

734

light of the Bankruptcy Act, it is apparent that it was not intended by such amendment merely to give farmers the right to voluntarily petition for adjudication in bankruptcy. That right was theirs already. The amendment in question was designed to provide farmers with a means of relieving themselves of overburdening indebtedness without losing possession of their land and implements, by means of a new type of liquidation of their assets. If, upon the downfall of that part of the statute which provides for the retention of land and tools, the remainder of the amendment is to be effective standing alone, those farmers who attempted to take advantage of the intended benefits will find themselves unable to secure such benefits yet unable to resume their former status. The provisions of subdivision (s) of section 75 of the Bankruptcy Act, as added June 28, 1934 (11 USCA § 203 (s), allowing the farmer to amend his petition to secure the benefit of bankruptcy proceedings, at the same time retaining possession of his property and tools by means of payments to be determined and made as prescribed, are integral and the provision of the statute governing the latter, having been held invalid, the former must be held inoperative.

The motion to dismiss the bankruptcy proceedings is granted.